Matthew A. Becker, Esq., (SBN 190748)
Karen M. Hawkes, Esq., (SBN 236847)
**THE LAW OFFICE OF MATTHEW A. BECKER, PC**
1003 Isabella Avenue
Coronado, California 92118
Telephone: (619) 522-6760
Facsimile: (619) 522-6763

Attorneys for Plaintiff
Positive Publishing, Inc.

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| POSITIVE PUBLISHING, INC., a California Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ETM, INC., a Florida Corporation DBA BAGEL COVE RESTAURANT; PALM ADVERTISING, LLC, a Florida Limited Liability Company; and DOES 1-20, Inclusive, <br><br> Defendants. | CASE NO. **'15CV0438 JAH WVG** <br><br> **COMPLAINT** <br><br> **FEDERAL COPYRIGHT INFRINGEMENT 17 U.S.C. §§ 101, ET SEQ.** |

PLAINTIFF, POSITIVE PUBLISHING, INC., a California Corporation, (hereinafter "Plaintiff"), hereby submits its Complaint for damages and relief against Defendants ETM, INC., a Florida Corporation DBA BAGEL COVE RESTAURANT (hereinafter "Bagel Cove"); PALM ADVERTISING, LLC, a Florida Limited Liability Company (hereinafter "Palm"); and DOES 1-20, Inclusive, (hereinafter collectively "Defendants") and alleges as follows:

///

///

---

**COMPLAINT OF POSITIVE PUBLISHING, INC.**                              Page 1

## GENERAL ALLEGATIONS

### THE PARTIES

1. Plaintiff is a California Corporation whose principle place of business is located in San Diego, California.

2. Upon information and belief, Defendant ETM, INC., is a Florida Corporation DBA BAGEL COVE RESTAURANT with its principle place of business in Aventura, Florida.

3. Upon information and belief, Defendant PALM ADVERTISING, LLC, is a Florida Limited Liability Company with its principle place of business in Hillsboro Beach, Florida.

4. The true identities and locations of the DOE Defendants are presently unknown at this time.

### JURISDICTION AND VENUE

5. This is a civil action arising under the United States Copyright Act, 17 U.S.C. §§ 101, et seq.  Accordingly, this court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 (a) and (b).

6. Venue is proper in this judicial district under 28 U.S.C. § 1391 (b) and (c).

7. Defendants have purposely directed the wrongful and intentional acts complained of herein to this district.  The acts complained of herein have occurred in San Diego, California.  *Washington Shoe Co. v. A-Z Sporting Goods, Inc.,* 2012 U.S. App. LEXIS 25667 (9th Cir. Dec. 17, 2012).

### BACKGROUND INFORMATION

8. Plaintiff, Positive Publishing, Inc. is a publishing company in the business of designing, creating, producing and selling coloring and activity books. Plaintiff also creates specific books for restaurants that include children's menus with activities such as coloring, mazes and word games.  Plaintiff is the artist and

original creator of these copyrighted works. In the development of its business, Plaintiff has devoted an enormous amount of time and resources in the creation, development, and marketing of ideas of these copyrighted works.

9. Defendant Bagel Cove is a restaurant offering breakfast, lunch and brunch to patrons as well as deli style take out food in Aventura, Florida. Bagel Cove serves families including children and provides children's menus printed on place mats containing children's activities, such as puzzles and coloring items.

10. Defendant Palm is an advertising company specializing in restaurant advertising. Palm places the advertising of its clients on the back of restaurant place mats and take out menus. Palm offers its services on the claim that advertising on place mats and take out menus constitutes direct advertising which is viewed at a rate of 100%. Palm charges varying fees for its services for printing place mats and take out menus and creating design of advertisements. Attached as Exhibit A is a sample of Palm's pricing.

11. On or about November 2005, Bagel Cove contacted the Plaintiff inquiring about its specialty custom coloring books and crayons tailored for restaurants. Bagel Cove indicated that it wished to provide such books to the children of its customers. Shortly thereafter, Bagel Cove placed an order for 10,000 custom coloring books and crayons from the Plaintiff. Attached as Exhibit B is a copy of the purchase agreement. Plaintiff then created images and compiled the images into a custom coloring book (hereinafter "2005 Bagel Cove Coloring Book"). The 2005 Bagel Cove Coloring Book was completed on or about November 2005. Pursuant to the purchase agreement, Plaintiff maintained ownership of the copyright of the 2005 Bagel Cove Coloring Book.

12. On or about July 2006, Plaintiff and Bagel Cove entered into a subsequent agreement to order two cases of crayons. Attached as Exhibit C is a copy of the purchase invoice.

///

1    13.   On or about September 2007, Bagel Cove contacted the Plaintiff
2 inquiring about its specialty custom menu place mats. Shortly thereafter, Bagel
3 Cove placed an order for 10,000 custom place mats and crayons from the Plaintiff.
4 Attached as Exhibit D is a copy of the purchase agreement. Plaintiff then created
5 images and compiled the images into a custom place mat (hereinafter "Bagel Cove
6 Activity Place Mat Kid's Menu"). The Bagel Cove Activity Place Mat Kid's
7 Menu was completed on or about September 2007. Attached as Exhibit E is a
8 copy of the Bagel Cove Activity Place Mat Kid's Menu.
9    14.   On or about August 2008, Plaintiff and Bagel Cove entered into a
10 fourth agreement to order two cases of crayons. Attached as Exhibit F is a copy of
11 the purchase invoice. Bagel Cove did not place any further orders with Plaintiff.
12    15.   Plaintiff obtained a U.S. Copyright Registration in the Bagel Cover
13 Activity Place Mat Kid's Menu (hereinafter also referred to as "Copyrighted
14 Work"). It was assigned registration number VA 1-915-608. Attached as Exhibit
15 G is a copy of the copyright registration.

## WILLFUL COPYRIGHT INFRINGEMENT

17    16.   On or about August 26, 2013, Plaintiff's executive traveled to Florida
18 with his family and happened to visit Bagel Cove. Plaintiff's executive turned
19 over his place mat and noticed Plaintiff's Copyrighted Work was unlawfully
20 copied and printed on the back with slight modification. At this time, Plaintiff
21 became aware that Bagel Cove was offering to its patrons a place mat containing
22 Plaintiff's Bagel Cove Activity Place Mat Kid's Menu. Upon comparison of the
23 two place mats, it is clear that Bagel Cove unlawfully and intentionally copied
24 Plaintiff's Bagel Cove Activity Place Mat Kid's Menu to create the new place mat
25 it is currently using (hereinafter "Infringing Place Mat"). Attached as Exhibit H is
26 a comparison of the two place mats. Specifically, the Infringing Place Mat
27 contains an exact representation of 1) the "Bagel Cove's Secret Message" activity;
28 2) the "What doesn't belong in the picture below" activity; 3) the tic-tac-toe

1  artwork; and 4) the kid's menu layout and typeface.  In addition, the selection, arrangement and presentation of Plaintiff's Copyrighted Work was copied in the Infringing Place Mat.  All of these items are in the original Plaintiff's Bagel Cove Activity Place Mat Kid's Menu, which was previously purchased by Bagel Cove from Plaintiff.

17.   Upon further review of the Infringing Place Mat, Plaintiff became aware that on the reverse side of the place mat there appears advertisements.  The advertisement appearing on the reverse side of the place mat that Plaintiff received is for USA Watch Repair.  Attached as Exhibit I is copy of the reverse side of the place mat containing the advertisement.  Defendants using Plaintiff's Copyrighted Work in their advertising and generating substantial income therefrom.

18.   Plaintiff recently learned that the Infringing Place Mat was copied and printed by Defendant Palm.  Bagel Cove is listed as a restaurant that Palm provides advertising on its place mats and take out menus in Exhibit A.

19.   Plaintiff never consented to such usage, nor was Plaintiff ever contacted by Defendants requesting the use of his Copyrighted Work.

20.   Based upon Defendants' unlawful actions, Plaintiff contends that Defendants intentionally and knowingly copied and distributed numerous copies of the Infringing Place Mat or other unknown infringing place mats or take out menus after their supply of the September 2007 order was depleted.  Defendants did this to avoid paying Plaintiff for the place mats.

21.   Defendants acted without the knowledge or consent of Plaintiff, and with the full knowledge that they did not have the right to copy, use, reproduce, display, distribute, in whole or in part, the Copyrighted Work without acquiring such rights from Plaintiff.

22.   Instead of merely ordering more product, Defendants chose to willfully and unlawfully and vicariously and contributorily copy Plaintiff's Copyrighted Work.

23. In 2013, Plaintiff contacted Defendant Bagel Cove demanding that it and anyone it controls cease and desist its unlawful copyright infringement. Defendant Bagel Cove refused to comply. Plaintiff contends that Defendants continue to unlawfully copy and distribute Plaintiff's Copyrighted Work to its patrons.

## COUNT I.
## FEDERAL COPYRIGHT INFRINGEMENT
## (Against all Defendants)

24. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 23 above, as though fully set forth herein.

25. Plaintiff is the legal owner of the Registered Copyrighted Work and of the 2005 Bagel Cove Coloring Book, and has complied with all of the laws and provisions relating to maintaining such copyrights.

26. By means of the actions complained of herein, Defendants have willfully infringed and will continue to infringe Plaintiff's Copyrighted Work outlined above, by re-producing, copying, distributing, using, in whole or in part, the portions which were directly copied from Plaintiff's Copyrighted Work and by using such in their advertisements.

27. Plaintiff is entitled to an injunction restraining Defendants, their distributors, officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

28. Plaintiff is further entitled to recover the damages it has sustained as a result of their willful acts as herein alleged, including contributory and vicarious copyright infringement. Plaintiff at present is unable to ascertain the full extent of its damages by reason of Defendants' aforesaid acts of copyright infringement, willful copyright infringement, as well as contributory and vicarious copyright infringement.

## COUNT II.
### Contributory Copyright Infringement
### (Against all Defendants)

29. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 28 above, as though fully set forth herein.

30. By means of the actions complained of herein, Defendants have contributed to the infringement of Plaintiff's Copyrighted Work outlined above, by re-producing, copying, distributing, using, in whole or in part, the portions which were directly copied from Plaintiff's Copyrighted Work, distributing it to third parties for advertisement, sale and distribution, constituting contributory copyright infringement.

31. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

32. Accordingly, Plaintiff has been and continues to be irreparably damaged by Defendants' actions and Plaintiff is entitled to injunctive relief and damages as may be proven at trial.

## COUNT III.
### Vicarious Copyright Infringement
### (Against all Defendants)

33. Plaintiff hereby incorporates by reference and realleges each of the allegations contained in paragraphs 1 through 32 above, as though fully set forth herein.

34. By means of the actions complained of herein, Defendants have vicariously infringed Plaintiff's Copyrighted Work outlined above, by re-producing, copying, distributing, using, in whole or in part, the portions which were directly copied from Plaintiff's Copyrighted Work, distributing it to third

parties for advertisement, sale and distribution, constituting vicarious copyright infringement.

35. Plaintiff is entitled to an injunction restraining Defendants, their officers, agents and employees, and all persons acting in concert with them, from engaging in further such acts in violation of the copyright laws.

36. Accordingly, Plaintiff has been and continues to be irreparably damaged by Defendants' actions and Plaintiff is entitled to injunctive relief and damages as may be proven at trial.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands a jury trial and judgment in his favor and against Defendants, jointly and severally, as follows:

1. That Defendants be held to have infringed Plaintiff's copyrights in and related to the Copyrighted Work outlined above.

2. That Defendants be held to have willfully infringed Plaintiff's copyrights in and related to the Copyrighted Work outlined above.

3. That Defendants be held to have contributorily infringed Plaintiff's copyrights in and related to the Copyrighted Work outlined above.

4. That Defendants be held to have vicariously infringed Plaintiff's copyrights in and related to the Copyrighted Work outlined above.

5. For injunctive relief, as provided in 17 U.S.C. § 502, namely permanent injunctive relief preventing Defendants, their distributors, officers, agents, servants, employees and attorneys, and all those persons acting or attempting to act in concert or participation with them, from directly or indirectly making, delivering, distributing, selling, transferring, copying, imitating, advertising, and/or marketing unauthorized versions of the copyrighted work, or substantially similar variations thereon or derivative works thereof.

6. That Defendants, their distributors, officers, directors, agents, servants, employees and all other persons in active concert or privity or in

participation with them, be enjoined to return to Plaintiff any and all originals, copies, facsimiles, or duplicates of the Copyrighted Work and any other materials or publications infringing on Plaintiff's copyrights.

7. For an award against all Defendants for actual compensatory damages to be proven at the time of trial as provided for in 17 U.S.C. 504.

8. For an award against all Defendants based on their inducing copyright infringement, for all damages resulting from the infringing actions of Defendants' distributors in an amount as shall be shown by the evidence.

9. For an award against all Defendants based on their contributory copyright infringement, for all damages resulting from the infringing actions of Defendants' distributors in an amount as shall be shown by the evidence.

10. Such other and further relief as to the Court may seem just and proper.

11. Plaintiff demands a jury trial.

Dated: February 26, 2015

Respectfully submitted,
THE LAW OFFICE OF MATTHEW A. BECKER

By: /Matthew A. Becker/
Matthew A. Becker, Esq.
Attorneys for Plaintiff, Positive Publishing, Inc.